PHILLIP A. TALBERT
United States Attorney
DAVID L. GAPPA
Assistant United States Attorney
2500 Tulare Street
Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>WILLIAM LEE ROBINSON,<br><br>                              Defendant. | CASE NO.  1:21-CR-00207-JLT-SKO<br><br>STIPULATION SETTING TRIAL DATE AND EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>TRIAL DATE: January 30, 2024<br>TIME: 8:30 a.m.<br>COURT: Hon. Jennifer L. Thurston |

        This case is scheduled for a status conference on May 3, 2023.  The parties hope to resolve the

case by plea agreement but meanwhile, at the court's direction, request that a trial be scheduled to start

on January 30, 2024, at 8:30 a.m..  On May 13, 2020, this Court issued General Order 618, which

suspended all jury trials in the Eastern District of California "until further notice."   Under General

Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the

Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . .

with additional findings to support the exclusion in the Judge's discretion."  General Order 618, ¶ 6

(E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case exceptions" to General Order

618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with

counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."

General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  The court issued General Order 662 on March 22,

2023, which found that public health conditions had not improved significantly and justified an

additional ninety-day extension of previous orders related to court proceedings.

These orders were entered to address public health concerns related to COVID-19.  Although the general orders address district-wide health concerns, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open-endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the general orders require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The general orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency).

The coronavirus pandemic poses a similar, albeit more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act

continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, 21 F.4th 1036, 1047 (9th Cir. 2022). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id.*

In light of the societal context created by the foregoing, this court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7). When continued, this court should designate a new date for the hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, accordingly stipulate as follows:

1.     By previous order this matter was set for a status conference on May 3, 2023. The parties will continue to attempt to resolve the case by written plea agreement but request that the court schedule a trial to begin January 30, 2024, at 8:30 a.m. before District Judge Jennifer L. Thurston.

2.     By this stipulation, the parties agree to exclude time between May 3, 2023, and January 30 2024, under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv).

3.     The parties agree, and request that the Court find the following:

a)     Counsel for defendant desires additional time to consult with his client, to review the current charges, conduct additional investigation related to the charges, and to discuss trial strategy and preparation. The parties also intend to attempt to resolve the case by written agreement.

b)     Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

c)      The government does not object to the continuance and joins in the request for the first trial date available to the court and the parties.

d)      In addition to the public health concerns cited by General Orders 611, 612, 617, and 655 presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal contact should the hearing proceed.  For these reasons, the court has encouraged the parties to enter this stipulation.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period from May 3, 2023, to January 30 2024, inclusive, is deemed excludable under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) because it results from a continuance granted by the Court at the request of the parties on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  April 26, 2023                          PHILLIP A. TALBERT
                                                United States Attorney


                                                /s/ David Gappa
                                                DAVID L. GAPPA
                                                Assistant United States Attorney

Dated:  April 26, 2023

/s/ MARC DAYS
MARC DAYS
Counsel for Defendant
WILLIAM LEE ROBINSON

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       EASTERN DISTRICT OF CALIFORNIA

8

9  UNITED STATES OF AMERICA,              CASE NO.  1:21-CR-00207-JLT-SKO

                        Plaintiff,        STIPULATION AND ORDER SETTING TRIAL
10                                         DATE AND EXCLUDABLE TIME PERIODS
                        v.                 UNDER SPEEDY TRIAL ACT
11
                                           TRIAL DATE: January 30, 2024
12  WILLIAM LEE ROBINSON,                  TIME: 8:30 a.m.
                        Defendant.         COURT: Hon. Jennifer L. Thurston
13

14

15                                **ORDER**

16         The court has reviewed and considered the stipulation filed by the parties on April 26, 2023, and

17  also reviewed the record of this case.  For the reasons stated in the stipulation the period of time from

18  May 3, 2023, through January 30, 2024, at 8:30 a.m. before District Judge Jennifer L. Thurston,

19  inclusive, is deemed excludable under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv)

20  because it results from a continuance granted by the Court at the request of the parties on the basis of the

21  Court's finding that the ends of justice served by taking such action outweigh the best interest of the

22  public and the defendant in a speedy trial.

23         IT IS SO ORDERED.

24

25

26  DATED:    4/26/2023

                                           _____
27                                          *Sheila K. Oberto*
                                            THE HONORABLE SHEILA K. OBERTO
                                            UNITED STATES MAGISTRATE JUDGE
28

STIPULATION REGARDING EXCLUDABLE TIME          6
PERIODS UNDER SPEEDY TRIAL ACT